LELA M. BROWNLEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brownlee v. Commissioner
Docket No. 18371-86.
United States Tax Court
T.C. Memo 1988-91; 1988 Tax Ct. Memo LEXIS 120; 55 T.C.M. (CCH) 293; T.C.M. (RIA) 88091; March 1, 1988
Kathryn J. Sedo, for the petitioner. Barbara A. Olson, for the respondent. DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case assigned pursuant *121 to the provisions of section 7443A(b) of the Internal Revenue Code of 1986 and Rules 180, 181 and 182. [1] For convenience, the findings of fact and conclusions of law have been combined in this opinion. Respondent determined a deficiency in Lela M. Brownlee's 1982 Federal income tax in the amount of $ 447.00. The issue for decision is whether petitioner may exclude a state income tax refund from income under section 111. [2]
This case was submitted fully stipulated under Rule 122. The Stipulations of Fact and attached exhibits are incorporated in our findings by this reference. Petitioner resided in Minneapolis, Minnesota, when she timely filed her petition with this Court. On Schedule A of her 1981 Federal income tax return, she claimed itemized deductions in the amount of $ 10,212.78, $ 5,354.49 of which was for state income taxes and $ 2,807.64 of which was for other local taxes. In 1982, petitioner received a 1981 state income tax refund in *122 the amount of $ 1,016.00; she did not include this amount in her 1982 Federal income tax return. Respondent determined that the refund was income and issued a statutory notice of deficiency on March 14, 1986. Petitioner contends that the refund should not be included in income because section 111 provides for an exclusion from income of an amount equal to the zero bracket amount less itemized deductions, other than the aggregate of section 111 items. Respondent contends that petitioner must include the refund in income because she derived a tax benefit from the state income tax deduction in 1981. We must determine the correct calculation for the recovery exclusion in 1981, the "original taxable year," when more than one section 111 item was itemized. Section 111(a) provides for an exclusion from gross income for the recovery during the taxable year of an amount deducted in a prior taxable year to the extent such amount did not reduce the tax in the prior year. The recovery exclusion is defined as an amount determined in accordance with regulations prescribed by the Secretary, which did not result in a reduction in the taxpayer's tax for the original taxable year. Section 111(b)(4). *123 Section 1.111-1(b)(2)(ii), Income Tax Regs., provides in relevant part that the recovery exclusion is equal to the aggregate amount of the section 111 items reduced by the difference between the taxable income for the original taxable year and the taxable income computed without regard to section 111 items for the original taxable year. In 1977 the definition of taxable income under section 63 and for the purposes of section 111 was changed to incorporate the zero bracket amount. Tax Reduction and Simplification Act of 1977, Pub.L. 95-30, 91 Stat. 126. The zero bracket amount was incorporated by allowing adjusted gross income to be reduced by excess itemized deductions. Section 63(b)(1)(A). Excess itemized deductions are those deductions in excess of the zero bracket amount. Section 63(c). A taxpayer, therefore, only obtains a tax benefit from an itemized deduction if she has itemized deductions in excess of the zero bracket amount and if the itemized deductions reduce taxable income. In 1981, the zero bracket amount for married taxpayers filing jointly was $ 3,400. [3] Section 63(d)(1)(A). Respondent has invited our attention to Rev. Rul. 79-15, 1979-1 C.B. 80 *124 which sets forth examples of calculating the recovery exclusion for state income tax refunds incorporating the zero bracket amount. The examples cover situations in which the taxpayers had only one type of section 111 item. Petitioner presented her calculation of the recovery exclusion as follows: Taxable Income
Taxable Income Without
for 1981
Regard to Sec. 111 Items
Adjusted Gross Income
$ 53,656.36 $ 53,656.36 Itemized deductions
$ 10,212.78 $ 1,050.63 Zero bracket amount
(3,400.00)
(3,400.00)
Excess itemized
deductions
(6,812.76)
(0)
"Taxable income"
$ 46,843.60 $ 53,656.36 Aggregate Sec. 111 items
8,162.13 "Taxable income" for 1981
46,843.60 "Taxable income"
without regard
for section 111 items
53,656.36 (6,812.76)
Recovery exclusion
[4] $ 1,349.37 Refund received
$ 1,016.04 *125 The difference between $ 10,212.78 and $ 2,050.65 [5] is the aggregate of petitioner's deductions for state income tax and other local taxes. [6]
Petitioner argues that section 111 items are all the combined "bad debts, prior taxes, delinquency payments and all other items subject to the rule of exclusion." Sec. 1.111-1(a)(1), Income Tax Regs. Petitioner further contends that all such items must be aggregated because section 1.111-1(b)(2), Income Tax Regs., states that: The recovery exclusion for the taxable year for which section *126 111 items were deducted or credited (that is, the "original taxable year") is the portion of the aggregate amount of such deduction and credits which could be disallowed without causing an increase in any tax * * *. (Emphasis added.)
Petitioner further points to the examples in which bad debts and taxes are aggregated together. We agree with petitioner's position. A taxpayer is allowed to recover deducted items without including them in income to the extent that she did not realize a tax benefit because of the zero bracket amount. In a situation involving more than one type of a section 111 item, it is necessary to aggregate the items to determine the exclusion. Aggregation is necessary because it is impossible to tell which itemized deductions put the taxpayer above the zero bracket amount and because all the section 111 items are possibly subject to recovery. Our conclusion is supported by the example in section 1.111-1(b), Income Tax Regs., which covers too combined section 111 items, bad debts and taxes. In the example, the taxpayer aggregates two types of section 111 items to calculate the recovery exclusion caused by a section 172 adjustment. The example *127 does not split up the section 111 items into those that were recovered and those that were not. The example does, however, separate the section 111 items from other itemized deductions. The calculation of the recovery exclusion is as follows: With Deduction
Without Deduction
of Section 111 Items
of Section 111 Items
Adjusted gross income
$ 53,656.36
$ 53,656.36 Less deductions:
Other itemized deductions
$ 2,050.65 $ 2,050.65 State & Local taxes
8,162.13 Zero bracket amount
(3,400.00)
(3,400.00)
Excess itemized deductions
6,812.78
(0)
"Taxable income"
$ 46,843.58
$ 53,656.36 Aggregate Sec. 111 items
8,162.13 Less the difference between:
"Taxable income" with
deduction of sec. 111 items
46,843.58
"Taxable income" without
deduction of sec. 111 items
53,656.36
(8,612.78)
Recovery exclusion
$ 1,349.35 Petitioner recovered $ 1,016.00 in the form of a state income tax refund in 1982. This amount is less than the recovery exclusion and therefore may be excluded from income. Respondent argues that the example in section 1.111-1(b), *128 Income Tax Regs., is no longer valid because of the 1977 change in the definition of taxable income. That argument is without merit. We do not see any conflict between Rev. Rul. 79-15 which is relied upon by respondent and the regulations under section 111. Rev. Rul. 79-15 covers the recovery exclusion for taxpayers with only one type of section 111 item and who must use the zero bracket amount. The regulations provide an example of a taxpayer with more than one section 111 item and a section 172 adjustment. Without doing damage to the logic of either, our calculation combines the two examples to cover taxpayers with more than one section 111 item and who must use the zero bracket amount. It is fundamental that regulations "must be sustained unless unreasonable and plainly inconsistent with the revenue statutes" and "should not be overruled except for weighty reasons." Commissioner v. South Texas Co.,333 U.S. 496, 501 (1948). Revenue rulings are merely the position of the Internal Revenue Service and do not merit any particular weight. Anselmo v. Commissioner,80 T.C. 872, 883 (1983), affd. 757 F.2d 1208 (11th Cir. 1985). *129 If we could not give the section 111 regulations effect because respondent has not shown any "weighty reasons" to invalidate them. Petitioner correctly aggregated her section 111 items according to the regulations and incorporated the zero bracket amount according to Rev. Rul. 79-15, 1979-1 C.B. 80. We, therefore, hold for petitioner. Decision will be entered for the petitioner.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. ↩
3. Respondent contends on brief that petitioner used an obsolete definition of taxable income in her calculation. However, it is apparent from petitioner's brief that she fully incorporated the zero bracket amount in her calculations and her definition of taxable income. ↩
4. There are mathematical and transpositional errors in petitioner's calculation.↩
5. Petitioner's calculation shows this amount as $ 1,050.63. ↩
6. Respondent also provided an example calculation but respondent's calculation used figures from 1982. The objective of section 111 is to put the taxpayer in the same position as if the deduction had never been taken. Using the deductions from the year of recovery would not accomplish the objective of section 111. Respondent's example calculation is of little use except as a guideline for respondent's interpretation as to the application of the example in section 1.111-1(b), Income Tax Regs.↩